Filed 9/23/13  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DELBERT GLENN SMITH,<br><br>       Defendant and Appellant. | C073414<br><br>(Super. Ct. No. 12F6464) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which requires that we review the entire record to determine whether there are any arguable issues which might result in a more favorable outcome for defendant.

Defendant Delbert Glenn Smith pleaded no contest to driving with a blood-alcohol level of 0.08 percent or greater with three prior convictions for the same offense (Veh. Code, §§ 23152, subd. (b), 23550 (count 2)).  He also admitted a prior strike conviction (Pen. Code, § 1170.12) and the service of two prior prison terms (Pen. Code, § 667.5, subd. (b)).  In exchange for his plea and admissions, defendant was promised no more

1

than eight years in state prison, the dismissal of other counts and the dismissal of another allegation of having served a prior prison term.

Following the denial of defendant's request for the court to strike his prior strike conviction, the court sentenced defendant to six years in state prison, consisting of the midterm of two years for the driving offense, doubled to four years because of the strike, plus one year for each of the prior conviction prison terms. The court awarded defendant 124 days of presentence custody (62 actual, 62 conduct) and imposed fines and fees as set forth in the abstract of judgment.

FACTUAL BASIS FOR PLEA AND ADMISSIONS

At approximately 2:30 a.m. on September 6, 2012, California Highway Patrol Officer S. Montgomery stopped the vehicle defendant was driving for a traffic infraction. The defendant exhibited symptoms of being under the influence of alcohol, to wit, odor of alcohol, red/watery eyes, and slurred speech. The officer concluded defendant was under the influence of alcohol.

Defendant stipulated that the three prior conviction allegations forming the basis for the Vehicle Code section 23550 allegation could be taken from the case numbers charged in the information. Specifically, Shasta County case Nos. 0501136 (Veh. Code, § 23152, subd. (b)), 0904853 (Veh. Code, § 23152, subd, (b)), and 1009049 (Veh. Code, § 23152). The prior strike conviction occurred on February 14, 2000, and was for making criminal threats (Pen. Code, § 422). The two prior prison term enhancements occurred on March 3, 2011, for violation of Penal Code section 69 (resisting an executive officer), and on December 26, 2007, for violation of Penal Code section 273.5, subdivision (a) (spousal abuse).

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests that this court review the record and

2

determine whether it reflects any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  We have reviewed the record in its entirety and find no error that might result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


    HULL    , Acting P.  J.


We concur:


    MAURO    , J.


    MURRAY    , J.

3